### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00340-LTB
**MELISSA BLACK**,

    Plaintiff,

v.

[**NO DEFENDANT NAMED**],

    Defendant.

### ORDER GRANTING MOTION TO REOPEN CASE

Plaintiff Melissa Black has filed *pro se*, on April 30, 2015, a request to reopen this case, ECF No. 8, in which she asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 27, 2015. The Court dismissed the instant action without prejudice because Plaintiff failed to comply with a court order directing her to cure deficiencies within the time allowed. The Court must construe the request liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the request will be construed as a Motion to Reconsider filed pursuant to Rule 60(b) and granted.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days

after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion under Rule 60(b) must be made within a reasonable time, typically no more than a year after the entry of the judgment or order or the date of the proceeding.  The Court will consider Plaintiff's request as a Motion to Reconsider filed pursuant to Rule 60(b) because the motion was more than twenty-eight days after the Judgment was entered but before one year after the Judgment was entered.

Rule 60(b) allows a court to grant relief from an order for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud ..., misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released or discharged ...; or

(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Accordingly, a Rule 60(b) motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  See *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  The decision to grant relief under Rule 60(b) is discretionary and Plaintiff has the burden to show that exceptional circumstances exist that require the Court to amend or vacate a final judgment or order.  *Servants of Paraclete,* 204 F.3d at 1009.

On February 18, 2015, Magistrate Judge Gordon P. Gallagher reviewed the case and determined that it was deficient because Plaintiff had failed to request leave to proceed

pursuant to 28 U.S.C. § 1915 or in the alternative to pay the $400 filing fee, and because Plaintiff had failed to file a proper Complaint as opposed to the letter she filed, which prompted the Court to open this case. Magistrate Judge Gallagher ordered Plaintiff to cure the deficiencies within thirty days. Magistrate Judge Gallagher warned Plaintiff that the action would be dismissed without further notice if she failed to comply within the time allowed. Therefore, when Plaintiff had failed to comply with the February 18, 2015 Order within the time allowed, the Court dismissed the instant action on March 27, 2015.

In her Motion to Reopen, Plaintiff asserts that when she opened this lawsuit, she was in the process of moving to the State of Washington and provided her Colorado address, from which she claimed mail was forwarded to Washington. She further informed the Court that she would provide an updated address as soon as possible. She further alleges that she did not receive the February 18, 2015, Order to Cure Deficiencies until March 30, 2015. She further claims that on that date, she sent to the Clerk of Court the documents required by the Order to Cure. On April 2, 2015, Plaintiff received the Order of March 27, 2015, dismissing the case. She was in Kentucky from April 8, 2015, through April 21, 2015, due to a death.

On April 22, 2015, Plaintiff received return of the set of documents that she had sent to the Clerk on March 30, 2015. No explicative letter from the Court was included. On April 24, 2015, Plaintiff made a telephone inquiry to the Clerk's Office regarding the return of materials by the Court and learned that the stamp "FILED" on the face of the original complaint was in fact only indicative of the court having received documents and that the case was closed. She requests that the the action be reopened based on these assertions.

Finding an excusable basis for not complying with the February 18, 2015 Order

3

within the time allowed, the Motion to Reopen will be granted. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Reopen Case, ECF No. 8, filed on April 30, 2015, is **GRANTED**. It is

**FURTHER ORDERED** that the Order of Dismissal and the Judgment, both filed on March 27, 2015, are **VACATED**. It is

**FURTHER ORDERED** that the Clerk of the Court is directed to reinstate and return this action to the Pro Se Docket. It is

**FURTHER ORDERED** that Plaintiff's Motion requesting status of case is **DENIED** as moot. It is

**FURTHER ORDERED** that Plaintiff cure the deficiencies noted in the February 18, 2015 Order **within thirty (30) days from the date of this order**. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

**FURTHER ORDERED** that Plaintiff shall obtain the court-approved Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and Title VII Complaint forms, along with the applicable instructions, at www.cod.uscourts.gov. It is

**FURTHER ORDERED** that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED at Denver, Colorado, this   11th   day of December, 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court