IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-00340-RBJ

MELISSA BLACK,

    Plaintiff,

v.

LARIMER COUNTY,

    Defendant.

---

## ORDER on MOTION TO VACATE

---

On March 21, 2017 this Court granted defendant's motion to dismiss this case for failure to prosecute. ECF No. 52 (minute order). A Final Judgment of Dismissal was entered on the same date. ECF No. 55. On April 21, 2017 the plaintiff filed both a motion to vacate the judgment and a notice of appeal. The defendant responded to the motion to vacate, and the plaintiff filed a reply. ECF Nos. 60 and 61. However, believing that the notice of appeal deprived this Court of jurisdiction to act on the motion to vacate, no ruling on that motion was made.

On May 23, 2017 the Clerk of the Tenth Circuit on behalf of the court issued an order in response to defendant's motion to dismiss the appeal for lack of jurisdiction on the ground that the notice of appeal was untimely. ECF No. 62. The order notes that this Court had not addressed plaintiff's motion to vacate. It further noted that while it did not appear that the motion to vacate had been filed in time to toll the time to appeal from the final judgment, plaintiff's reply in support of the motion to vacate contained "argument tending toward a request

for extension of time to appeal," and that the reply "could be deemed a motion for extension of time to appeal." *Id.* at 1-2.

I will give the plaintiff the benefit of the doubt and construe her reply as a request for an extension of time to appeal. Although it was not filed within 30 days after this Court's entry of a Final Judgment, I find that good cause exists based on plaintiff's pro se status and her misunderstanding of the rules, and that her reply served as notice to the opposing party. *See* Fed. R. Civ. P. 4(a)(5)(A)(ii) and (B).

I further find that there is a clerical mistake arising from oversight in the Final Judgment that should be corrected. *See* Fed. R. Civ. P. 60(a). Specifically, the Final Judgment, ECF No. 55, was silent on whether dismissal was with or without prejudice. The Court previously informed Ms. Black that dismissal without prejudice might be the result of her failure to submit to a deposition in Colorado. *See* ECF No. 44. The Final Judgment should have specified "without prejudice." The more severe sanction of dismissal with prejudice is inappropriate, particularly because plaintiff's resistance to returning to Colorado for a deposition was based on her financial circumstances. *See, e.g., AdvantEdge Business Group, L.L.C. v. Thomas E. Mestmaker & Associates, Inc.,* 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal for failure to prosecute with prejudice is a harsh remedy which should be used only after certain criteria are considered). An Amended Final Judgment will issue correcting the oversight. To that extent the motion to vacate judgment, ECF No. 57, is granted. The motion to vacate is otherwise denied.

Ordinarily the time to appeal can only be extended for 30 days after the prescribed time or 14 days after the order granting the extension. *See* Fed. R. App. P. 4(a)(5)(C). But in this instance my interpretation of the rules is that plaintiff can timely appeal within 30 days after entry of the Amended Final Judgment pursuant to Fed. R. App. P. 4(a)(1)(A). Nevertheless, she might wish to file her notice of appeal within 14 days of this order to be on the safe side.

DATED this 14th day of June, 2017.

                              BY THE COURT:

                              _____
                              R. Brooke Jackson
                              United States District Judge